**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC CITIZEN,<br>1600 20th Street NW<br>Washington, DC 20009,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE,<br>1849 C Street NW<br>Washington, DC 20240,<br><br>and<br><br>U.S. DEPARTMENT OF<br>THE INTERIOR,<br>1849 C Street NW<br>Washington, DC 20240,<br><br>Defendants. | Civil Action No. 1:26-cv-3469 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Public Citizen brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel defendants National Park Service (NPS) and Department of the Interior to produce records responsive to a FOIA request seeking certain correspondence and other records of the superintendent of Yosemite National Park.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

4. Plaintiff Public Citizen is a nonprofit organization headquartered in Washington, DC. Public Citizen submitted the FOIA request at issue in this action.

5. Defendant NPS is a bureau of the Department of the Interior. NPS has possession of and control over the records that Public Citizen seeks.

6. Defendant Department of the Interior is an agency of the United States. Department of the Interior has possession of and control over the records that Public Citizen seeks.

## STATEMENT OF FACTS

7. On December 2, 2025, Public Citizen submitted a FOIA request to NPS.

8. The request sought "[c]opies of all communications between Yosemite National Park Superintendent Raymond McPadden (including in his role as Acting Superintendent) and Deputy Secretary Katharine MacGregor or other members of the Office of the Secretary" of the Department of the Interior, from January 21, 2025, through the date on which NPS processed the request.

9. The request also sought "[c]opies of all schedules, calendar entries and correspondence relating to the work schedule of Yosemite National Park Superintendent Raymond McPadden," from January 21, 2025, through the date on which NPS processed the request.

10. In the request, Public Citizen sought a public-interest waiver of fees and explained that disclosure of the requested information would be in the public interest and not for a commercial purpose.

11. Under 5 U.S.C. § 552(a)(6)(A), an agency must notify a FOIA requester within 20 working days after receiving a FOIA request of its determination whether to comply with the

request. An agency may extend this deadline by up to ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

12. By email on December 23, 2025, NPS acknowledged receipt of Public Citizen's FOIA request and assigned it control number DOI-2026-002171.

13. In the acknowledgment letter, NPS explained that because McPadden began his detail at Yosemite National Park on May 4, 2025, NPS would consider the date range of the request to be May 4, 2025, to December 4, 2025, which was the date it began searching for records.

14. NPS's letter also stated that the request fell into the "[n]ormal processing track," which is "for requests that would generally take six to twenty workdays to process." It also stated that there were eight requests pending in that track ahead of Public Citizen's request.

15. The letter further stated that NPS would need to "consult, with all practicable speed, with another component[] of the Department," that it would take a ten business-day extension, and that it expected to "dispatch a determination" to Public Citizen by January 15, 2026.

16. NPS did not supply Public Citizen with a determination on the FOIA request by January 15, 2026.

17. On February 18, 2026, Public Citizen asked NPS for an update on the request. Public Citizen did not receive a response.

18. On April 28, 2026, Public Citizen again asked NPS for an update on the request. Public Citizen did not receive a response.

19. On May 4, 2026, Public Citizen again asked NPS for an update on the request. NPS responded that it had "completed [its] search for and reviewed the requested records" and was "consulting with other [Department of the Interior] entities."

20. On June 23, 2026, Public Citizen asked NPS for an estimated date of completion for the request. Public Citizen did not receive a response.

21. On July 22, 2026, NPS informed Public Citizen that the requested records were "under review by another agency."

22. On August 31, 2026, Public Citizen again followed up on the request, asking for clarification about whether the requested records were under review by an entity within the Department of the Interior or by an entity outside of the Department. Public Citizen did not receive a response.

23. On September 4, 2026, Public Citizen called the NPS FOIA office and left a voicemail regarding the request. NPS did not respond to the message.

24. To date, Public Citizen has received no further response from NPS.

25. More than 20 business days have passed since Public Citizen submitted its FOIA request on December 2, 2025, and Public Citizen has not received from NPS a determination concerning its request or any records in response to the request.

**CLAIM FOR RELIEF**

26. Public Citizen has a statutory right under FOIA, 5 U.S.C. § 552, to the records responsive to its FOIA request and to a public-interest fee waiver.

27. Defendants' failure to disclose the requested records has no legal basis.

**PRAYER FOR RELIEF**

WHEREFORE, Public Citizen requests that this Court:

A. Declare that Defendants' failure to provide the records responsive to Public Citizen's FOIA request is unlawful;

B. Order Defendants to make the requested records available to Public Citizen at no cost and without delay;

C. Award Public Citizen its costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

D. Grant such other relief as this Court may deem just and proper.

Dated: October 5, 2026

Respectfully submitted,

/s/ Nicolas A. Sansone
Nicolas A. Sansone (DC Bar No. 1686810)
Samuel Y. Weinstock* (MD Bar No. 2211290261)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
nsansone@citizen.org

**Pro hac vice* application forthcoming; DC Bar application pending.

Counsel for Plaintiff